IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHARLEY J. WILLIE, JR.,**

    **Plaintiff,**

**v.**                                                                                                         **No. 19-cv-0329 SMV**

**ANDREW SAUL,[1]**
**Commissioner of the Social Security,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Award of Benefits, or in the Alternative Remand for Rehearing, with Supporting Memorandum [Doc. 21], filed on October 17, 2019. The Commissioner responded on January 24, 2020. [Doc. 27]. Plaintiff replied on February 7, 2020. [Doc. 28]. The parties have consented to my entering final judgment in this case. [Doc. 6]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Motion is well taken. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four) (2018).

---

[1] Andrew Saul is the current Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.
  Two sets of medical records—one from First Nations Community Healthcare and one from Albuquerque Indian Health Center—are attached to the transcript without exhibit numbers. *See* Tr. 7–25. These records appear as exhibits in other parts of the record. *Compare* Tr. 7–25, *with* Tr. 1078–1096. The Court will therefore consider those exhibits from Tr. 1078–1096 as part of the record; the records at Tr. 7–25 are duplicates.

supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (2018); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the "Listings"[3] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i)–(iv), 416.920(a)(4)(i)–(iv); *see Grogan*, 399 F.3d at 1261.  If he

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on July 7, 2011. Tr. 163–73. He alleged a disability-onset date of April 5, 2011. *Id.* His claims were denied initially and on reconsideration. Tr. 39. ALJ Michelle K. Lindsay held the first administrative hearing on December 20, 2013, in Albuquerque, New Mexico. *Id.* Plaintiff appeared without an attorney and gave testimony. Tr. 49–92. The ALJ also heard testimony from Diane Weber, an impartial vocational expert ("VE"). Tr. 49.

The ALJ issued her first unfavorable decision on March 28, 2014. Tr. 47. Plaintiff requested review of the decision on May 8, 2014. Tr. 34. The Appeals Counsel denied the request for review on August 13, 2015. Tr. 1. Plaintiff appealed to the district court, arguing that the ALJ erred by failing to develop the record related to non-exertional impairments, including depression. *Willie v. Colvin*, No. 15-cv-0859 KBM, 2016 WL 9774940, at *2 (D.N.M. Nov. 9, 2016). The district court agreed and remanded the case, finding that the ALJ erred by failing to order a consultative examination to assess the degree of Plaintiff's mental limitations. *Id.* at *6.

On February 8, 2016, psychologist David LaCourt conducted a consultative psychological examination. Tr. 1404. Dr. LaCourt found that Plaintiff had a marked limitation in sustaining

concentration and task persistence. Tr. 1405. He also found that Plaintiff had a marked limitation in working without supervision. *Id.*

The ALJ held the second administrative hearing on August 24, 2017. Tr. 743–73. Plaintiff appeared with an attorney and gave testimony. *See id.* The ALJ also heard testimony from Nicole King, an impartial VE. Tr. 767–72. The ALJ issued her second unfavorable decision on December 20, 2017. Tr. 734. At step one, she found that Plaintiff had not engaged in substantial gainful activity since April 5, 2011, the alleged onset date. Tr. 726. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, obesity, diabetes with neuropathy, somatic symptom disorder, a specific learning disorder in reading, and a history of T10-11 discitis with osteomyelitis status post T10-11 corpectomy and T9-11 fusion with laminectomy. Tr. 727. The ALJ also found that Plaintiff did not have a medically determinable impairment of depression. *Id.*

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 727–29. She found a moderate limitation in understanding, remembering, or applying information; a mild limitation in interacting with others; a moderate limitation in concentrating, persisting, or maintaining pace; and a moderate limitation in adapting or managing oneself. Tr. 728. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 729–33. The ALJ found that Plaintiff had:

> the [RFC] to lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently, sit for at least six hours in an eight-hour workday, and stand and walk for four hours in an eight-hour workday. He can occasionally climb stairs and ramps, stoop, crouch, kneel, and crawl, but can never climb ladders, ropes, or scaffolds. He must avoid more than occasional exposure to extreme cold, and must

>completely avoid unprotected heights. The claimant is limited to understanding, remembering, and carrying out simple instructions, and is able to maintain attention and concentration to perform and persist at simple tasks for two hours at a time without requiring redirection to task. He requires work that involves no more than occasional change in the routine work setting, and no more than occasional independent goal setting or planning. I find that this is a limited range of work contained in the light exertional level as defined by 20 [C.F.R. §] 404.1567, 20 [C.F.R. §] 416.967[,] and SSR 83-10.

Tr. 729.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 733. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 733–34. She found that Plaintiff could perform other jobs, such as an assembler, finish inspector, and electronics assembler, that exist in significant numbers in the national economy. Tr. 734. Accordingly, the ALJ found that Plaintiff was not disabled. *Id.*

## Discussion

Plaintiff argues that the ALJ erred because (1) she failed to account in the RFC for his step-three moderate limitations, [Doc. 21] at 9–12; (2) substantial evidence does not support only a moderate limitation related to understanding, remembering, or applying information, *see* [Doc. 21] at 11; and (3) the ALJ failed to give proper weight to Dr. LaCourt's marked limitations in concentration and task persistence and working without supervision,[4] [Doc. 21] at 14–17. Because Plaintiff has shown that the ALJ failed to apply the correct legal standard when assessing two of his step-three moderate mental limitations, the Court will remand on that basis.

---

[4] Plaintiff also argued that the ALJ failed to properly evaluate the opinion of a consulting physician, Dr. Raul Young-Rodriguez, [Doc. 21] at 12–13, but he withdrew this argument in his Reply, [Doc. 28] at 3.

At step three of the sequential evaluation process, the ALJ found that Plaintiff suffered from moderate limitations in (1) his ability to understand, remember, or apply information; and (2) his ability to concentrate, persist, or maintain pace. Tr. 728. In assessing Plaintiff's RFC, the ALJ found that Plaintiff "is limited to understanding, remembering, and carrying out simple instructions, and is able to maintain attention and concentration to perform and persist at simple tasks for two hours at a time." Tr. 729. That is, the ALJ limited Plaintiff to unskilled work. *See Duran v. Berryhill*, No. 18-cv-0734 SMV, 2019 WL 1992103, at *4 n.6 (D.N.M. May 6, 2019) (equating the ALJ's use of "simple, routine tasks" with "unskilled" work).

Plaintiff argues that the ALJ's RFC did not properly account for his moderate limitations in (1) his ability to understand, remember, or apply information; and (2) his ability to concentrate, persist, or maintain pace. [Doc. 21] at 9–12. In response, the Commissioner argues that Plaintiff conflates the requirements for the analysis of mental impairments at steps two and three with the requirements for assessing the RFC. [Doc. 27] at 6–7. The Commissioner argues that the assessment of the severity of a claimant's mental impairments, and whether such impairments meet a Listing, do not constitute an RFC. *Id.* He notes that "a moderate limitation identified [at step three] 'does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment.'" *Id.* at 7 (quoting *Bales v. Colvin*, 576 F. App'x 792, 798 (10th Cir. 2014)). The Commissioner also states, in a single sentence, that the ALJ's "separate mental RFC finding is supported by substantial evidence in the record as a whole." *Id.* Plaintiff replies that he "did not argue that the ALJ was required to include each moderate limitation [discussed in step three] in her RFC finding." [Doc. 28] at 1–2.

At steps two and three of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that meets or equals one of the Listings.  20 C.F.R. §§ 404.1520(a)(4)(ii)–(iii).  The ALJ must engage in a specific type of analysis if the claimant argues that he has a mental impairment.  20 C.F.R. § 404.1520a(a).  The ALJ must identify and evaluate the claimant's symptoms, *id.* § 404.1520a(b), then rate the degree of functional limitation caused by any alleged mental impairments, *id.* § 404.1520a(c).  The ALJ then determines the severity of the mental impairments on a scale of none, mild, moderate, marked, and extreme.  *Id.* § 404.1520a(d).  The ALJ determines whether the functional limitations caused by these impairments meets or equals a Listing at step three.  *See Grogan*, 399 F.3d at 1261.

The Commissioner's argument misconstrues the effect of an ALJ's findings at steps two and three.  The Commissioner correctly notes that the ALJ's description of the mental limitations at steps two and three is not an RFC assessment.  *See* SSR 96-8p, 1996 WL 374184, at *4.  Yet, that does not mean that an ALJ may stop there.  "[An] ALJ, having assessed certain mental limitations [at steps two and three], [is] required *either* to include corresponding limitations in the RFC assessment *or* to explain the omission."  *Leyba v. Berryhill*, No. 17-cv-0667 SMV, 2018 WL 2089359, at *3 (D.N.M. May 4, 2018).  For example, in *Farrill v. Astrue*, the Tenth Circuit reversed and remanded the ALJ's denial of benefits, finding that "the RFC did not include any mental limitations, and the ALJ never explained why he chose not to include any mental limitations in the RFC, despite his previous assessment of mild [mental] limitations [at step two]."  468 F. App'x 711, 713 (10th Cir. 2012).  In *Vigil v. Colvin*, the Tenth Circuit recognized that a finding of a moderate difficulty in concentration, persistence, or pace at step three "does not necessarily translate to . . . work-related functional limitation[s] for the purposes of the RFC assessment."  805

F.3d 1199, 1203 (10th Cir. 2015).  Rather than ending its analysis there, however, the Tenth Circuit continued, asking whether the RFC properly accounted for those step-three limitations.  *Id.* at 1203–04; *see Carver v. Colvin*, 600 F. App'x 616, 621 (10th Cir. 2015) (finding that the ALJ "fulfilled his obligation to further examine [at the RFC stage] the moderate 'paragraph B' limitation in concentration, persistence, or pace he found at step three"); *Miranda v. Barnhart*, 205 F. App'x 638, 643 (10th Cir. 2005) (reversing the ALJ's decision because despite the ALJ's step-three finding of moderate difficulties in maintaining concentration, persistence, or pace, the ALJ never "made a firm determination regarding restrictions in these areas, and no such restrictions were included in the RFC . . . Given that he found moderate difficulties in the areas of concentration, persistence, or pace, the ALJ erred in not further addressing these factors in assessing [Plaintiff's] RFC . . . .").

> [T]he question whether a limitation must be incorporated into an RFC . ... is not resolved merely because the limitation was identified in step three of the analysis.  *Bales* does not require the Court to find otherwise . . . [W]here the ALJ finds that Plaintiff suffers from a certain limitation, that limitation must be considered by the ALJ in formulating the RFC regardless of the fact that the limitation was identified at step three.

*Badar v. Colvin*, No. 15-cv-0180-WJM, 2015 WL 6774210, at *4 (D. Colo. Nov. 6, 2015); *cf. Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) ("[I]n assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe.").

Plaintiff does not argue that because the ALJ at step three assessed moderate limitations in understanding, remembering, or applying information, and in concentration, persistence, or pace, she therefore committed error by failing to include those limitations in the RFC.  Instead, Plaintiff

argues that because the ALJ identified these limitations at step three, she was required to either account for them in the RFC or explain their omission. [Doc. 21] at 9–12; [Doc. 28] at 1. The Commissioner's sole argument—that the limitations identified at step three are not an RFC assessment—misses the point.

Plaintiff argues at length that the RFC's limitation to unskilled work does not account for the moderate mental limitations assessed at step three. [Doc. 21] at 10–12. In his Response, the Commissioner does not expressly address how the RFC accounted for Plaintiff's moderate limitation in understanding, remembering, or applying information. Nor does the Commissioner expressly discuss Plaintiff's moderate limitation in concentration, persistence, or pace. It is not clear how the RFC's statement that Plaintiff could "maintain attention and concentration to perform and persist at simple tasks for two hours at a time without requiring redirection to task" takes into account his moderate limitation in concentration and persistence. Tr. 729. As Plaintiff argues, any job, including unskilled work, requires the ability to maintain attention and concentration to perform tasks for two-hour segments. Program Operations Manual System DI § 25020.010(B)(2)(a), https://secure.ssa.gov/apps10/poms.nsf/lnx/0425020010.

To be sure, a limitation to unskilled work *could* possibly account for moderate mental impairments. *See Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016); *Vigil*, 805 F.3d at 1203. Yet, the Tenth Circuit has not articulated "a blanket rule that a generally[] stated limitation to unskilled work is sufficient to account for any or all mental health [limitations]." *Lydon v. Comm'r*, No. 18-cv-01526-MSK, 2019 WL 3812379, at *4 (D. Colo. Aug. 14, 2019). "There may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental impairments." *Vigil*, 805 F.3d at 1204; *see id.* (finding based on the facts of that case that

a limitation to unskilled work accounted for a moderate limitation in concentration, persistence, and pace); *Jaramillo v. Colvin*, 576 F. App'x 870, 874–77 (10th Cir. 2014) (holding that the RFC's limitation to unskilled work did not adequately account for moderate impairments in carrying out instructions, attending and concentrating, and working without supervision). Here, though Plaintiff argues that the RFC does not account for the mental limitations assessed by the ALJ herself, the Commissioner does not argue otherwise.[5] The ALJ failed to apply the correct legal standards in evaluating Plaintiff's mental limitations, and therefore, the Court will remand the case.[6]

Because the Court finds that Plaintiff has sustained his burden to show that the ALJ committed reversible error in her assessment of the RFC, the Court will not reach Plaintiff's other reasons for remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

Plaintiff argues that if the Court finds that the ALJ erred, it should remand the case for an immediate award of benefits. [Doc. 21] at 18. He contends, "Any additional fact finding by the Commissioner would serve no useful purpose. The Commissioner has had two opportunities at two administrative hearings, and over eight years[,] to properly evaluate [Plaintiff]'s claims and has been unable to properly articular legally sufficient reasons for denying his claims." *Id.* The Commissioner, on the other hand, argues that "[t]he issues raised by Plaintiff implicate his RFC,

---

[5] And though the Commissioner states that the ALJ's "separate mental RFC finding is supported by substantial evidence," [Doc. 27] at 7, this statement is conclusory and lacks citation to the record.

[6] Plaintiff notes that the ALJ assessed two other limitations at step three: a moderate limitation in adapting or managing oneself and a mild limitation in interaction. [Doc. 21] at 12. Because he argues that the moderate limitation in adapting or managing oneself "is arguably accounted for in the RFC finding by a limitation to occasional change in the routine work setting and independent goal setting or planning," and presents no other argument why the ALJ did not account for this limitation, the Court will not remand on this basis. Additionally, Plaintiff admits that the mild limitation in interaction "is arguably irrelevant for the assembler occupation." [Doc. 21] at 12. Thus, any alleged error in failing to account for this limitation does not prejudice Plaintiff.

and in turn, his ability to perform his past relevant work or other work existing in the national economy. Further proceedings would be needed to resolve these issues." [Doc. 27] at 11 n.2.

"Whether or not to award benefits is a matter of [the Court's] discretion." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006). "Some of the relevant factors [the Court] consider[s] are the length of time the matter has been pending, and whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'" *Id.* (second alteration in original) (quoting *Harris v. Sec'y of Health & Human Servs.*, 821 F.2d 541, 545 (10th Cir. 1987)).

The Court will not remand for an immediate award of benefits. Though Plaintiff has shown that the ALJ applied the incorrect legal standard in assessing his RFC, the Court does not find that the RFC is necessarily incorrect. Moreover, in an updated RFC, the ALJ could account for Plaintiff's moderate mental limitations in a number of ways. Even if the ALJ adopts a more restrictive RFC on remand, Plaintiff fails to show that a more restrictive RFC would necessarily prevent him from performing other work in the national economy. Depending on the updated RFC on remand, additional fact-finding from the VE could prove necessary at step five to determine whether Plaintiff could perform other work in the national economy. The fact that the ALJ has had previous opportunities for fact-finding does not, in this instance, justify a remand for the immediate award of benefits.

## Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Award of Benefits, or in the Alternative Remand for Rehearing, with Supporting Memorandum [Doc. 21] is **GRANTED**. The Commissioner's final decision is

reversed, and this case is remanded for further proceedings in accordance with this opinion.  *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**